NO. 07-07-0297-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 5, 2007

_____

GEORGE WAYNE ANDERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY;

NO. 722487; HONORABLE JON WISSER/MIKE DENTON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant, George Wayne Anderson, was convicted of assault and family violence, and punishment was assessed at one year confinement and a $4,000 fine. The trial court suspended the sentence in favor of misdemeanor community supervision for eighteen months and payment of $3,200 of his fine. The clerk's record was filed on July 18, 2007,

and supplemental clerk's records were filed on July 30, 2007, and August 13, 2007. The court reporter filed a request for an extension of time in which to file the reporter's record explaining that Appellant had not submitted a request nor designation for the record nor had arrangements been made to pay for the record. An extension was granted to September 27, 2007; Appellant was asked to certify to this Court on or before September 4, 2007, whether he had complied with the Texas Rules of Appellate Procedure pertaining to the reporter's record. Appellant responded by letter. In his letter, he maintains he is indigent and requests that counsel be appointed to prosecute his appeal. As the *Trial Court's Certification of Defendant's Right of Appeal* indicates the case was not a plea-bargain case and that Appellant does have the right of appeal, we now abate this appeal to the trial court further proceedings.

Upon remand, the trial court shall utilize whatever means necessary to determine the following:

1. whether Appellant desires to prosecute the appeal;
2. whether Appellant is indigent and entitled to appointed counsel; and
3. if Appellant is indigent, make arrangements for preparation and filing of the reporter's record.

Should it be determined that Appellant does want to continue the appeal and the court determines that Appellant is indigent and entitled to appointed counsel, the name, address, telephone number, and state bar number of appointed counsel shall be provided to the Clerk of this Court. Finally, the trial court shall execute findings of fact, conclusions of law,

2

and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing, if any, shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by October 5, 2007.

It is so ordered.

Per Curiam

Do not publish.